UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROLANDO MEJORADO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-383 |
| | § | |
| L-3 COMMUNICATIONS VERTEX | § | |
| AEROSPACE, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered <u>sua sponte</u> the Court's subject matter jurisdiction in the above-styled action. For the reasons stated herein, the Court finds that it lacks subject matter jurisdiction and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 105th Judicial District Court of Kleberg County, Texas, where it was originally filed and assigned Cause No: 10-474-D.

**I.      Background**

On October 26, 2010, Plaintiff Rolando Mejorado, a citizen of Texas, filed his Original Petition in the 148th Judicial District Court of Nueces County, Texas against Defendant L-3 Communications, L-3 Communications Vertex Aerospace, LLC ("L-3 Communications"), a Delaware limited liability company with a principal place of business in Madison, Mississippi. Plaintiff, an Aircraft Servicer for L-3 Communications, claimed that Defendant discriminated against and wrongly discharged him in violation of Tex. Labor Code § 21,001, <u>et seq</u>. Plaintiff sought damages "in an amount not to exceed the sum of $75,000, inclusive of attorney's fees and costs, which exceed the minimum jurisdictional limits of the Court." (D.E. 1, Ex. 2, p. 5.) Plaintiff included a Stipulation of Damages, stipulating: "I will not seek nor ask for an award of

damages that exceeds the sum value of $75,000 inclusive of attorney's fees and costs in this matter." (D.E. 1, Ex. 2.)

Defendant was served on November 2, 2010. (D.E. 1, p. 3.) On November 29, 2010, Defendant timely filed a Notice of Removal, attempting to remove the action to this Court based on diversity jurisdiction.

## II. Discussion

### A. Removal Jurisdiction and Remand

Any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 391-92 (1987); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). However, the court "must presume that a suit lies outside its limited jurisdiction[.]" Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden rests upon the defendant attempting to remove a case from state court to establish the subject matter jurisdiction of the court to which the case is removed. See Lone Star OB/GYN Assocs. v. Aetna Health, Inc., 579 F.3d 525, 528 (5th Cir. Tex. 2009). To determine whether jurisdiction is present for removal, the court considers the claims in the state court petition as they existed at the time of removal. Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Howery, 243 F.3d at 919; Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). Federal courts are required to raise the issue of subject

matter jurisdiction <u>sua sponte</u> to determine whether jurisdiction may be properly conferred.  See <u>Union Planters Bank Nat'l Ass'n v. Salih</u>, 369 F.3d 457, 460 (5th Cir. 2004); <u>Howery</u>, 243 F.3d at 919; <u>H&D Tire and Automotive-Hardware, Inc. v. Pitney Bowes, Inc.</u>, 227 F.3d 326, 328 (5th Cir. 2000).

The removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case <u>shall</u> be remanded."  28 U.S.C. § 1447(c) (emphasis added).  Section 1447(c) thus makes clear that a federal court must remand a case when it determines that the court lacks subject matter jurisdiction.

### B. Defendant Failed to Prove Amount in Controversy

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship; and (2) the amount in controversy is greater than $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  28 U.S.C. § 1332(a) expressly limits a district court's diversity jurisdiction to "civil actions where the matter in controversy exceeds the sum or value of $75,000...."  In considering whether the requisite amount in controversy has been met, "[i]t has long been recognized that unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." <u>St. Paul Reinsurance Co., Ltd. v. Greenberg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998). "To justify dismissal, it must appear to a <u>legal certainty</u> that the claim is really for less than the jurisdictional amount." <u>Id</u>. (internal quotation marks omitted) (emphasis added).

In this case, Plaintiff clearly alleged and stipulated that he "will not seek nor ask for an award of damages that exceeds the sum value of $75,000 inclusive of attorney's fees and costs in this matter."  (D.E. 1, Ex. 2.)  Defendant contends Plaintiff's stipulation that he does not seek damages over $75,000 should be disregarded because it is an "obvious attempt to evade federal

jurisdiction" and that the Plaintiff's Original Petition indicates that Plaintiff seeks damages in excess of this amount. (D.E. 1, p. 3.) Defendant attaches the Declaration of Annie M. Cortez, a Human Resources Generalist for L-3 Communications, who estimates that, as of the date of the Notice of Removal, Plaintiff's back pay is approximately $37,201 and that the value of Plaintiff's lost wages for a one-year period starting November 19, 2010 is approximately $4,784, not including any losses based on overtime work. Defendant alleges that if these amounts for past lost wages are awarded – in addition to the compensatory and punitive damages and attorney's fees and costs sought by Plaintiff – the value of Plaintiff's claims would greatly exceed $75,000. (D.E. 1, p. 4.)

The Court does not find Defendant's speculation as to Plaintiff's potential recovery amounts to a "legal certainty" that Plaintiff's claim is really less than the jurisdictional amount alleged. Greenberg, 134 F.3d at 1253. Even if the Court accepts Defendant's estimate of Plaintiff's past damages, these damages are slightly over $40,000. Defendant's attempt to use costs to help reach the minimum jurisdictional amount is misplaced. "By its very language § 1332(a) clearly excludes costs from the calculation of the amount in controversy." Danial v. Daniels, 162 Fed. Appx. 288, 290 (5th Cir. 2006) (rejecting Defendant's attempt to rely on "creative" damages calculations to reach the amount in controversy requirement for removal). With respect to punitive damages and attorney's fees, Defendant provides no estimate as to what they might be. As such, Defendant has failed to meet its burden to prove to a "legal certainty" that Plaintiff's Original Petition meets the amount in controversy requirement of the removal statute or that Plaintiff's stipulation of an amount under $75,000 was made in bad faith. Greenberg, 134 F.3d at 1253. The Court must remand the action for lack of subject matter jurisdiction pursuant to §1447(c).

**III.     Conclusion**

For the reasons stated above, this Court determines that it does not have jurisdiction over the above-styled action and, therefore, <u>sua</u> <u>sponte</u> REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 105th Judicial District Court of Kleberg County, Texas, where it was originally filed and assigned Cause No: 10-474-D.

SIGNED and ORDERED this 2nd day of December, 2010.

*Janis Graham Jack*
Janis Graham Jack
United States District Judge